**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 15 B 03122 |
| WOLF COUSINS, LLC f/d/b/a | ) | Honorable Jacqueline P. Cox |
| WOLF PROPERTIES, LLC, | ) | Motion Date:  September 30, 2015 |
| | ) | Motion Time:  09:30 a.m. |
| Reorganized Debtor. | ) | |

**NOTICE OF MOTION**

TO:   See Attached Service List

   PLEASE TAKE NOTICE THAT on September 30, 2015, at the hour of 09:30 a.m., a **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR** shall be heard by the Honorable Jacqueline P. Cox of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 680 at 219 South Dearborn, Chicago, Illinois.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

                              GOLAN & CHRISTIE LLP

**AFFIDAVIT OF SERVICE**

   I, Robert R. Benjamin, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor were served upon the persons named in the attached service list via regular mail with postage prepaid from 70 W. Madison, Chicago, IL 60602 on September 9, 2015.


                              /s/*Robert R. Benjamin*
                                Robert R. Benjamin

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
Anthony J. D'Agostino (ARDC # 6299589)
Stephen L. Golan (ARDC # 3121743)
GOLAN & CHRISTIE LLP
Attorneys for Reorganized Debtor
70 West Madison, Suite 1500
Chicago, IL 60602
(312)263-2300

1

## SERVICE LIST

Patrick S. Layng
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604
Via Regular Mail

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St.
Chicago, IL 60604
Via Regular Mail

James D. Newbold
Asst. Atty. General Revenue Litigation Bureau
Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601
Via First Class Mail

Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, IL 60606
Via First Class Mail

Steven S. Spinell
Kinzie Real Estate Group
c/o Andrew J. Annes
Phillip N. Coover
Schenk Annes Tepper Campbell Ltd.
311 S. Wacker Dr., Ste. 2500
Chicago, IL 60606
Via First Class Mail

First Merchants Bank N.A., as successor-by-merger to Citizens Financial Bank
c/o Michael T. Benz
Gina M. Lavarda
Bryan E. Jacobson
CHAPMAN AND CUTLER LLP
111 W. Monroe St.
Chicago, IL 60603
Via First Class Mail

Citizens Financial Bank
c/o Chapman & Cutler LLP
111 W. Monroe St.
Chicago, IL 60603
Via First Class Mail

Citizens Financial Bank
1100 E. Joliet St.
Dyer, IN 46311
Via First Class Mail

Department of Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
Via First Class Mail

ERG
PO Box 2317
Bridgeview, IL 60455
Via First Class Mail

Elite Glass and Woodworks
9935 S. 76th Ave., Unit N
Bridgeview, IL 60455
Via First Class Mail

Hani Abdallah
6005 W. 157th St.
Oak Forest, IL 60452
Via First Class Mail

Ghassan Abdallah  
10854 Glenlake Dr.  
Orland Park, IL 60467  
Via First Class Mail  

Lit Up Signs Inc.  
8800 Timber Ct.  
Tinley Park, IL 60487  
Via First Class Mail  

Ahmad Makhlouf  
d/b/a True Cut  
17841 S. Wolf Rd.  
Orland Park, IL 60467  
Via First Class Mail  

Eduardo Padilla Agency LLC  
c/o Eduardo Padilla  
17839 S. Wolf Rd.  
Orland Park, IL 60467  
Via First Class Mail  

PHP Homes, LLC Six  
d/b/a Asian Touch Massage  
c/o Peter Wang  
17835 S. Wolf Rd.  
Orland Park, IL 60467  
Via First Class Mail  

Ali Kutom  
91 Silo Ridge Rd.  
Orland Park, IL 60467  
Via First Class Mail  

Choon Yau  
Man Zhi Baker  
Khoi Minh Duong  
d/b/a Magic Nails  
17837 S. Wolf Rd.  
Orland Park, IL 60467  
Via First Class Mail  

H-Tide, LLC  
c/o Edith Chan  
17849 S. Wolf Rd.  
Orland Park, IL 60467  
Via First Class Mail  

Seven Kids, Inc.  
d/b/a Don's Hot Dogs  
c/o Anthony Barraca  
Karen Barraca  
17831 S. Wolf Rd.  
Orland Park, IL 60467  
Via First Class Mail  

Wolf Cousins, LLC f/d/b/a  
Wolf Properties, LLC  
c/o Ghassan Abdallah  
6005 W. 157th St.  
Oak Forest, IL 60452  
Via First Class Mail

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** ) | **In Chapter 11** |
| ) | **Case No. 15 B 03122** |
| **WOLF COUSINS, LLC f/d/b/a** ) | **Honorable Jacqueline P. Cox** |
| **WOLF PROPERTIES, LLC,** ) | **Motion Date: September 30, 2015** |
| ) | **Motion Time: 09:30 a.m.** |
| **Reorganized Debtor.** ) | |

**FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTOR**

The law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Reorganized Debtor, WOLF COUSINS, LLC f/d/b/a/ WOLF PROPERTIES, LLC, ("Debtor"), applies to this Court for an order approving the payment of final fees in the amount $45,639.00 for services rendered from May 13, 2015 to September 1, 2015 and the costs of preparing this fee petition in the amount of $1,980.00 for a total of $47,619.00 plus expenses in the amount of $1,429.75 and in support thereof states as follows:

**I. JURISDICTION**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**II. GENERAL BACKGROUND**

On January 30, 2015 (the "Petition Date"), Debtor filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

4

On February 25, 2015 this Court entered an order allowing the retention of Robert R. Benjamin, Beverly A. Berneman, Anthony J. D'Agostino and Stephen L. Golan as counsel for the Debtor.

On June 25, 2015, this Court entered an Order granting interim compensation for counsel for Debtor (Docket No. 75).

### III. CASE STATUS

Debtor owns $5/6^{th}$ of the property commonly described as 17831-17849 Wolf Road, Orland Park, IL 60467 (the "Property"). The remaining interest is owned by family members of the Debtor. All owners have cooperated in the reorganization process. The Debtor is not managing the Property because a state court appointed Receiver remains as Manager.

Debtor sought protection under Chapter 11 to attempt to reorganize its debts. As a result of negotiations between the Debtor, Receiver, and Secured Lender, the Debtor has now successfully obtained approval by this Court of its Plan and Disclosure Statement (Docket Nos. 132 and 89 respectively).

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.  <u>General Information.</u>  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

5

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

      B.      <u>Billing Entries.</u>  G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

      C.      <u>Hourly Charges.</u> G&C charges all clients, including for non-bankruptcy matters, $495.00 per hour for senior partner services; $400.00 per hour for partner time; $310.00 to $400.00 per hour for partner time in office; $295.00 to $325.00 per hour for associate time, $150.00 per hour for travel time and $150.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

## A. COVER SHEET
### [LOCAL RULE 5082-1(A)]

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

## B. NARRATIVE SUMMARY
### SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY
### [Local Rule 5082-1(B)(1)(a)]

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| ADM | Administration | 10.40 | 5,148.00 |
| CLM | Claims | 5.10 | 2,144.50 |
| FEE | Fee Petition | 4.00 | 1,980.00 |
| FIN | Finance | 3.30 | 1,320.00 |
| OBJ | Objections to Claims | 27.40 | 11,102.50 |
| PLAN | Plan and Disclosure Statement | 57.40 | 25,924.00 |
| | | | |
| TOTAL | | 107.60 | 47,619.00 |

## C. NARRATIVE SUMMARY
### SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL
### [Local Rules 5082-1(B)(1)(b) and (d)]

From May 13, 2015 to September 1, 2015, the Debtor has incurred $45,639.00[1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

---

[1] Exclusive of fees incurred in preparation of this fee petition in the amount of $1,980.00.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

**1.** *ADMINISTRATION*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, amending schedules, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating with the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 10.40 | 495.00 | 5,148.00 |
|  |  | 10.40 |  | $5,148.00 |

**2.    CLAIMS**

Counsel reviewed in detail claims filed by the Receiver and First Merchants Bank and researched settlement options. The services benefited the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.10 | 495.00 | 544.50 |
| Beverly A. Berneman (BAB) | Partner | 4.00 | 400.00 | 1,600.00 |
| | | 5.10 | | $2,144.50 |

**3.    FINANCE**

G&C attorneys negotiated with the secured lender to obtain its cooperation and ultimate acceptance of the Debtor's Plan. These services benefited the estate on an economic basis by supporting Debtor's restructuring Plan. These services benefited the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | 3.30 | 400.00 | 1,320.00 |
| | | 3.30 | | $1,320.00 |

*4.* **OBJECTIONS TO CLAIMS**

G&C attorneys have reviewed the claims of the secured creditor and the two (2) claims of the Receiver and determined that they were not accurate and as a result objections to Claims Nos. 2, 3, and 4 were drafted and filed. All these objections were negotiated and settled by reduction in claims and withdrawal of the objections. The services had an economic benefit by challenging all unsecured claims and the amount claimed by the Receiver and his representatives. These services benefited the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 6.10 | 495.00 | 3,019.50 |
| Beverly A. Berneman (BAB) | Partner | 16.70 | 400.00 | 6,680.00 |
| Anthony J. D'Agostino (ADJ) | Associate | 4.60 | 305.00 | 1,403.00 |
| | | 27.40 | | $11,102.50 |

*5.* **PLAN**

G&C attorneys prepared a Plan, Disclosure Statement and pro forma that provided for a fair and sound restructuring of the Debtor's business. The Plan and Disclosure Statement were approved. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in structuring a distribution scheme so that the Debtor could continue to operate and remain current with its ongoing obligations and pay its pre-petition creditors. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 31.40 | 495.00 | 15,543.00 |
| Beverly A. Berneman (BAB) | Partner | 25.80 | 400.00 | 10,320.00 |
| Anthony J. D'Agostino (ADJ) | Associate | .20 | 305.00 | 61.00 |
| | | 57.40 | | $25,924.00 |

**D. NARRATIVE SUMMARY**
**STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE**
**APPLICATION FOR PREPARATION OF CURRENT OR**
**PRIOR APPLICATION FOR COMPENSATION**
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this Final Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Fee is attached hereto as Exhibit B. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 4.00 | 495.00 | $1,980.00 |

**E. NARRATIVE SUMMARY**
**HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION**
**IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH**
**PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH**
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the final fee petition. The summary is as follows:

11

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 53.00 | 495.00 | 26,235.00 |
| Beverly A. Berneman (BAB) | Partner | 49.80 | 400.00 | 19,920.00 |
| Anthony J. D'Agostino (ADJ) | Associate | 4.80 | 305.00 | 1,464.00 |
| **TOTAL** | | **107.60** | | **$47,619.00** |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
### AND PAYMENTS RECEIVED BY COUNSEL TO DATE
### *[Local Rules 5082-1(B)(1)(f)]*

This is applicant's second and final fee petition. G&C had previously sought interim compensation which was awarded, on June 25, 2015 (Docket No. 75).

Pursuant to this Court's previous order, the retainer was applied against the fees and costs awarded in the First Interim Fee Order. G&C has also received a total of $55,000.00 in payments from members of the Debtor. G&C has applied the funds received from the members against the interim fee and cost award leaving a balance of $3,642.00 due against the interim fee petition. G&C has received no other funds post-petition from the Debtor or any other source.

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT
### IS SOUGHT
### *[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $1,429.75 consisting of photocopying charges and publishing fees.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

### VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2) reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over one hundred (100) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of these cases. G&C was able to accomplish a great deal directed towards aiding the Debtor its reorganization efforts. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VIII. OBJECTIONS

Any objections to this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before September 28, 2015.

## IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this court enter an Order:

A.    Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B.    Allowing final compensation as counsel for the Debtor in the amount of $45,639.00 for fees incurred May 13, 2015 to September 1, 2015 plus the costs of preparing this fee petition in the amount of $1,980.00 for a total of $47,619.00;

C.    Allowing reimbursement of out of pocket expenses in the amount of $1,429.75;

  D. Granting such other and further relief as this Court may deem just and proper.

               GOLAN & CHRISTIE LLP

              By: /s/*Robert R. Benjamin*
                Robert R. Benjamin

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
Anthony J. D'Agostino (ARDC # 6299589)
Stephen L. Golan (ARDC # 3121743)
GOLAN & CHRISTIE LLP
Attorneys for Reorganized Debtor
70 West Madison, Suite 1500
Chicago, IL 60602
(312)263-2300

15